RICHMOND LIGHT & R. CO. v. BLAU.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 52.

1. EVIDENCE (§ 157*)—WEIGHTS—PRIMARY TESTIMONY.
On an issue as to the weight of certain junk, evidence of a witness, who was present on each occasion when the cars were weighed, saw the weights on the scales, and noted them down, was primary testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 460–470; Dec. Dig. § 157.*]

2. EVIDENCE (§ 317*)—COMMUNICATIONS BY TELEPHONE—HEARSAY.
On an issue as to the weight of certain junk, evidence of plaintiff's witness that he was given the weight of the first shipment over the telephone by defendant's superintendent, who had charge of the transaction throughout, was not objectionable as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

3. APPEAL AND ERROR (§ 1050*)—REVIEW—RULINGS ON EVIDENCE—PREJUDICE.
Where, in an action to recover a portion of the price paid for certain iron, because of a shortage, there was evidence that both parties subsequently to the contract had estimated the value of the iron at $12,000, defendant was not prejudiced by the admission of the testimony that plaintiff's agent and defendant's superintendent both estimated the value of the iron at the same sum before the contract was signed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Adolph Blau against the Richmond Light & Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Kenney & Eadie, of New Brighton, N. Y. (William H. Wadhams, of New York City, of counsel), for plaintiff in error.

Henry B. Singer, of New York City (David L. Podell, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. Adolph Blau, the plaintiff, brought suit against the Richmond Light & Railroad Company on the following contract:

S. F. Hazelrigg,
 Vice Prest. & Genl. Manager,
  Richmond Light & Railroad Co.,
   New Brighton, New York City.

                July 26th, 1905.

For and in consideration of the sum of two thousand ($2000) dollars on account, receipt whereof is hereby acknowledged, the Richmond Light & Railroad Company agrees to sell to Jacob Smith‸the rails and scrap iron at
            A. Blau
Brook St. Car Barn and Concord Car Barn—with the exception of what we may wish to retain for our own use—at the rate of $17.25 per gross ton for the rail and $16.00 per gross ton for the scrap, balance of purchase price, according to weight, to be paid August 9th, 1905, and rails and scrap iron to be removed at that time. None to be removed until full amount is paid.
          Richmond Light & Railroad Company,
            T. J. Mullen, Superintendent.
Signed—Jacob Smith.

It was proved at the trial that the name of Blau was inserted in the contract before it was signed because Smith was only acting in his behalf, and the iron was to be paid for with his money. Any objection that Blau was not the proper party plaintiff was waived because not taken either by demurrer or answer (Code of Civil Procedure 499) and the assignment of error on this point was abandoned at the argument.

There were no means of weighing the iron where it lay, and, if there had been, it could not have been weighed, removed, and paid for on one day as the contract required. Accordingly the parties modified the terms by estimating the value of the iron as it lay at the contract rates as $12,000, which sum Blau paid into the company's hands before any iron was removed. Blau's version of this was that it was a mere deposit to secure the company, and that when the iron was actually weighed, if its price at the contract rates exceeded the estimate of $12,000, he was to pay the company the excess, while if it was less, the company was to return to him the difference. On the other hand, the company contended that the written contract was abandoned; that Blau bought the iron as it lay for $12,000, with the proviso that if when weighed it proved at the contract rates to be worth more, he was to pay the excess in addition. The plaintiff's account was much the more reasonable, and has been established by the verdict of the jury.

[1, 2] The only other question that the jury had to pass on was as to the amount of iron Blau received. He proved that there were four shipments, the last three by railroads which weighed the iron. Smith was present on each occasion, saw the weights on the scales, noted them down, and testified to them at the trial. This was primary testimony. As to the first shipment, Smith testified that he was given the weight of it over the telephone by Mullen. The company took an exception to the admission of this testimony on the ground that it was hearsay. We think it was properly admitted because Mullen was the company's superintendent and had charge of the transaction throughout.

[3] The only other error relied on was the refusal of the trial judge

to strike out the testimony of Mullen that Smith had estimated the value of the iron at about $12,000 before the contract was signed. Prior negotiations were merged in the written contract, and even if the fact sought to be proved was relied on for other purposes than varying it, the company was not prejudiced by the ruling because subsequently it appeared that both parties had estimated the value of the iron at $12,-000. The jury gave a verdict for Blau for the difference at the contract rates between the value of the iron he received, and the sum of $12,000 he deposited.

The judgment is affirmed.